FILED BY ____ D.O.

05 SEP 12 PM 12: 05

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WALTER REEVES,                          χ
                                        χ
        Petitioner,                     χ
                                        χ
vs.                                     χ        No. 04-2967-Ml/An
                                        χ
RANDY J. DAVIS,                         χ
                                        χ
        Respondent.                     χ
                                        χ

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DIRECTING PETITIONER TO PAY THE HABEAS FILING FEE
ORDER GRANTING MOTIONS TO SUPPLEMENT OR AMEND PETITION
ORDER DENYING PETITION UNDER § 2241
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Petitioner Walter Reeves, Bureau of Prisons inmate
registration number 21464-001, an inmate at the Federal
Correctional Institution in Memphis ("FCI-Memphis"), filed a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,
along with a motion seeking leave to proceed in forma pauperis.
The Clerk shall docket the case and record the respondent as FCI-
Memphis warden Randy J. Davis.[1]

---

[1]     Although the petition is styled in the manner of a criminal case, the
proper respondent to a habeas petition is the petitioner's custodian. 28 U.S.C.
§ 2243.  The Clerk is ORDERED to remove the United States as a party to this
action.



## I. ASSESSMENT OF FILING FEE

The trust fund officer has certified that the petitioner has a balance of $70.80 in his inmate trust fund account, and the average balance of that account for the past six months was $43.75. Under these circumstances, the petitioner is able to afford the five dollar ($5.00) habeas filing fee.  The motion to proceed in forma pauperis is DENIED.  The petitioner is ORDERED to remit the habeas filing fee within thirty (30) days of the date of entry of this order.

## II. ANALYSIS OF PLAINTIFF'S CLAIMS

On October 22, 1998, pursuant to a plea agreement, Davis entered a guilty plea to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  On April 26, 1999, United States District Judge Sharon Blackburn imposed a sentence of 180 months imprisonment, along with a five year period of supervised release.  United States v. Reeves, No. 98-0250 (N.D. Ala. Apr. 27, 1999).  Reeves attempted to file a late appeal on December 13, 2000.  Counsel was appointed, a hearing was held, and the motion was denied on May 21, 2001.

On June 1, 2001, Reeves filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he raised various constitutional challenges.  The motion was denied on April 5, 2002. Reeves v. United States, No. 01cv8022-S (N.D. Ala. Apr. 5, 2002). Reeves appealed, and the United State Court of Appeals for the

2

Eleventh Circuit denied his motion for a certificate of appealability. Reeves v. United States, No. 02-13412-F (11th Cir. Nov. 26, 2002), cert. denied, 537 U.S. 1177 (2003).

Reeves filed a second § 2255 motion on May 24, 2002, which was denied by Judge Blackburn on July 19, 2002. United States v. Reeves, No. 02cv8028-S (N.D. Ala. July 19, 2002). Reeves appealed, and the petition indicates that that appeal was denied.

On May 14, 2003, Reeves filed a motion in his closed criminal case to dismiss the indictment. Judge Blackburn issued an order denying that motion on March 9, 2004. Reeves did not appeal.

Reeves filed his first petition pursuant to 28 U.S.C. § 2241 in this district on February 7, 2003. On March 27, 2003, this Court issued an order denying the petition and certifying that an appeal would not be taken in good faith. Reeves v. Davis, No. 03-2083-Ml/V (W.D. Tenn.). The United States Court of Appeals for the Sixth Circuit affirmed. Reeves v. Davis, 83 Fed. Appx. 67 (Nov. 25, 2003).

On March 24, 2004, Reeves filed a second habeas petition contending that he received ineffective assistance of counsel in violation of the Sixth Amendment arising out of his decision to plead guilty rather than go to trial. Reeves v. Davis, No. 04-2204-Ml/V (W.D. Tenn. July 16, 2004). On July 15, 2004, the Court denied the petition as presenting no basis for habeas relief and

certified that any appeal would not be taken in good faith.  Reeves did not appeal.

On November 26, 2005, Reeves filed this § 2241 petition contending that he is entitled to relief under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Jones v. United States</u>, 526 U.S. 227 (1999). On December 8, 2004, Reeves filed a motion to supplement his petition with a claim that his indictment was defective.  On March 28, 2005, Reeves filed a motion to amend or supplement his petition contending that he is entitled to relief under <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1263-64 (2005).  The motions to supplement or amend the petition (docket entries nos. 3 and 4) are GRANTED.

Reeves actually seeks to raise claims cognizable only under 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, <u>inter</u> <u>alia</u>, at 28 U.S.C. § 2244 <i>et seq.</i>)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the time defendant's conviction is final.  This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction.  These reforms were intended to further protect the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

As a § 2255 motion is foreclosed by the AEDPA statute of limitations, the petitioner seeks to characterize this case as a habeas petition under 2241. The only reason for this characterization, however, is the need to avoid the successive petition limitation enacted by the AEDPA. This case clearly seeks to attack the validity of petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions has relied on <u>Gray-Bey v. United States</u>, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[2]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." <u>Id.</u> at 77. <u>Cf.</u> <u>United States v. Jalili</u>, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from <u>Wright</u> and <u>Jalili</u> that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter

---

[2]     <u>See, e.g., In Re Walker</u>, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

of course, the validity of the original underlying conviction and sentence. Reeves' petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[3] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[4] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting per se rule that district court may not

---

[3]    Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[4]    See supra note 3.

consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in a narrow category of cases.

The movant has the burden of demonstrating that the savings clause applies. <u>Charles</u>, 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or because the motion is barred by the statute of limitations. <u>Charles</u>, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by <u>Gray-Bey</u>, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

7

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the <u>opportunity</u> for such review. <u>See, e.g.</u>, <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). According to <u>Wofford</u>, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." <u>Id.</u> (quoting <u>In Re Davenport</u>, 147 F.3d 605, 609 (7th Cir. 1998)).

<u>Wofford</u> held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244.

Reeves attacks his sentence alleging that he is entitled to relief under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[5] Although Reeves can

---

[5]     In <u>Apprendi</u>, the Supreme Court reexamined and confirmed as a rule of constitutional law, the principle first expressed in <u>Jones v. United States</u>, 526
(continued...)

make a <u>prima</u> <u>facie</u> showing that <u>Blakely</u> and <u>Apprendi</u> were not available to him during the applicable one-year limitations period for a motion to vacate and present a new constitutional rule of criminal procedure, he cannot demonstrate that <u>Blakely</u> or <u>Apprendi</u> have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

Applying that standard, the Sixth Circuit held, in an unpublished decision, that the Supreme Court's decision in <u>Apprendi</u> is not retroactively applicable to cases on collateral review. <u>Goode v. United States</u>, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); <u>see also</u> <u>Oleson v. United States</u>, No. 00-1938, 2001 WL 1631828, at *3-*4 (6th Cir. Dec. 14, 2001) (district court did not abuse its discretion in denying a motion to amend a § 2255 motion to assert an <u>Apprendi</u> claim because amendment would have been futile); <u>Snyder v. United States</u>, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001) (upholding dismissal of § 2255 motion because, <u>inter alia</u>, "<u>Apprendi</u> may not be applied retroactively"); <u>Jones v. United States</u>, No. 00-5280, 2001 WL 92114, at *2 (6th Cir. Jan. 25, 2001) (directing the district court to "determine whether <u>Apprendi</u> may be retroactively applied to this case under

---

[5]     (...continued)
U.S. 227 (1999): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. Accordingly, the <u>Jones</u> holding requires no further discussion.

Teague v. Lane"); United States v. Murray, No. 98-1537, 2001 WL
118605, at *2-*3 (6th Cir. Jan. 25, 2001) (recalling mandate to
permit application of Apprendi to case in which certiorari had
recently been denied; noting that, with respect to those
"defendants whose convictions became final before Apprendi was
handed down, the new rule would not be retroactively applicable"
and that this action "involves a tiny subset of situations in which
this court's decision has been entered, but has not yet become
final due to a pending petition for rehearing en banc or for
certiorari"); see also In re Clemmons, 259 F.3d 489 (6th Cir. 2001)
(holding, on the basis of Tyler v. Cain, 533 U.S. 656 (2001), that
Apprendi has not been "made retroactive to cases on collateral
review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it
may not form the basis for a second or successive § 2255 motion);
White v. Lamanna, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May
3, 2002) (applying Tyler and Clemmons to deny consideration of an
Apprendi issue raised in a petition pursuant to 28 U.S.C. § 2241);
Perkins v. Thomas, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24,
2001) (same).[6]  Thus, Apprendi fails to provide Reeves with any
basis for relief.

---

[6]     These unpublished decisions are consistent with the decisions in
other circuits refusing to give retroactive application to Apprendi.  See Hamm
v. United States, 269 F.3d 1247 (11th Cir. 2001); Dukes v. United States, 255
F.3d 912 (8th Cir. 2001); United States v. Moss, 252 F.3d 993, 996-1001 (8th Cir.
2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001); Jones v.
Smith, 231 F.3d 1227, 1236-38 (9th Cir. 2000); cf. United States v. Smith, 241
F.3d 546 (7th Cir. 2001) (declining to decide whether Apprendi is retroactively
applicable on collateral attack because defendant could not establish cause and
prejudice sufficient to excuse his failure to raise the issue at trial and on
direct review).

10

In the recent case of <u>United States v. Booker</u>, 125 S. Ct. 738, 755-56 (Jan. 12, 2005), although the Supreme Court determined that its holding in <u>Blakeley</u> applies to the Sentencing Guidelines, the Court also expressly stated that its holding must be applied to all cases on direct review. <u>Booker</u>, 125 S. Ct. at 769 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (Feb. 25, 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>.  <u>Id.</u> at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>).  Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings.  <u>Humphress</u>, 398 F.3d at 860.

Reeves contends <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) is no longer good law.  <u>Almendarez-Torrez</u> held that a § 4B1.1 career offender enhancement is the very type of recidivism enhancement that need not be charged and proved before a jury.  <u>Id.</u> at 239.  Despite Justice Thomas' concurrence in <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1263-64 (2005), foreshadowing the demise of the <u>Almendarez-Torres</u> exception, for now <u>Almendarez-Torres</u>

11

remains the law.   Thus, these recent decisions fail to provide Reeves with any basis for relief.

Reeves makes no tenable claim of actual innocence.   Actual innocence requires "factual innocence, not mere legal insufficiency."   Bousley v. United States, 523 U.S. 614, 623-24 (1998); Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998).   The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime."   Murray v. Carrier, 477 U.S. 478, 496 (1986). Accordingly, Reeves is not entitled to relief under § 2241 on his claim.

Because Reeves is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief.   28 U.S.C. § 2243.   An order for the respondent to show cause need not issue.   The petition is DENIED and DISMISSED.

### III.   APPEAL ISSUES

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability.   Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997).   Section 2253 does not apply to habeas petitions by federal prisoners under § 2241.   McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S.,

106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision

13

in <u>Kincade</u>, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to <u>Kincade</u>, a petitioner must seek leave to proceed <u>in forma pauperis</u> from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not

14

taken in good faith, and he may not proceed on appeal <u>in forma</u>
<u>pauperis</u>.

IT IS SO ORDERED this ____9____ day of September, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

15

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in
 case 2:04-CV-02967 was distributed by fax, mail, or direct printing on
September 12, 2005 to the parties listed.

---

Walter Reeves
FCI-MEMPHIS
21464-001
1101 John A. Denie Road
P.O. Box 34550
Memphis, TN 38134--055

Honorable Jon McCalla
US DISTRICT COURT